IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS E. TEMPLIN : CIVIL ACTION
:
v. :
:
MONTGOMERY COUNTY COURT OF COMMON : NO. 13-3513
PLEAS :
MONTGOMERY COUNTY CORRECTIONAL :
FACILITY :

MEMORANDUM

SANCHEZ, J.                                                     JUNE 25TH, 2013

    Plaintiff Francis E. Templin brings this action against the Montgomery County Court of Common Pleas and the Montgomery County Correctional Facility, in connection with criminal charges that are pending against him in Montgomery County. Plaintiff alleges that his incarceration in connection with those charges violates his constitutional rights because the Montgomery County Court of Common Pleas has not provided him with a timely trial or probation violation hearing, and has failed to rule on several motions and a habeas petition that he filed. Plaintiff further alleges that the Montgomery County Correctional Facility has violated his rights by failing to respond to that habeas petition. He asserts constitutional claims pursuant to 42 U.S.C. § 1983, and state law false imprisonment claims, and seeks over $1 million in damages. For the following reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

    Plaintiff seeks to proceed in forma pauperis in this matter. His in forma pauperis motion is granted because he has satisfied

1

the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

The Montgomery County Court of Common Pleas is entitled to Eleventh Amendment immunity from suit in federal court and, in any event, is not a person for purposes of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) (a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238-41 (3d Cir. 2005) (holding that Pennsylvania courts share in the Commonwealth's immunity). Accordingly, there is no legal basis for plaintiff's claims against the Montgomery County Court of Common Pleas.

The Montgomery County Correctional Facility is also not a "person" subject to suit under § 1983. See Regan v. Upper Darby Twp., Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("In the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). In any event, the prison is not responsible for the state court's handling of plaintiff's criminal matter, and its failure to respond to plaintiff's habeas petition, which was filed two months before plaintiff initiated this lawsuit, does not give rise to a constitutional violation or a plausible false imprisonment claim. Accordingly, plaintiff's claims against the Montgomery County Correctional Facility will also be dismissed.

Plaintiff will not be given leave to amend because amendment would be futile, as he cannot sue the Montgomery County Court of Common Pleas in federal court, and as nothing in the complaint suggests that he can articulate a plausible claim against the Montgomery County Correctional Facility.[1] See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). As the Court is dismissing the complaint in this matter, plaintiff's "Ex Parte Motion to Appoint Marshall to Serve Summons and Complaint" will

---

[1] If plaintiff believes that his pretrial confinement is unconstitutional, and that he should therefore be released from imprisonment, he might seek to file a habeas petition in federal court after exhausting available state remedies. See 28 U.S.C. § 2241; Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). The Court expresses no opinion on whether any such petition is likely to be successful.

be denied as moot. An appropriate order follows.